DELL, Judge.
A jury found appellant guilty of burglary of a dwelling. He seeks reversal of the judgment of conviction and the sentence imposed thereon.
At about 11:00 o’clock in the morning the victim heard a noise, he looked out onto his patio and saw appellant sitting in one of the beach chairs. When the victim yelled at appellant and started towards the patio, appellant left by slipping through a slit in the screen surrounding the patio. A few minutes later the police stopped appellant who was in the company of Bruce Whit-ting. The police took the victim to the scene of the stop where he identified appellant. The police found a pair of vinyl gloves in appellant’s pocket and a stocking cap in a bush near the place where they stopped appellant and Whitting. They also found appellant’s palm print on the interior of the patio enclosure.
The trial court, over appellant’s objection, permitted the State to present testimony from civilian and police witnesses concerning three prior burglaries committed by appellant during October of 1984. Ralph Flauto testified that his residence was ransacked and a considerable amount of jewelry was stolen. Flauto did not know who committed the crime and was unable to identify appellant. Julia Stoner testified that someone entered her house through a window, ransacked her home and left with a considerable amount of jewelry. A police detective testified that he investigated the Flauto and Stoner robberies. The detective testified that appellant confessed to the burglary of the Flauto residence and that appellant told him that he had entered the house through a window and ransacked the residence. The Flauto burglary occurred at approximately 11:00 A.M. Appellant also gave the detective a statement concerning the Stoner burglary. According to the detective, appellant entered the Stoner house by removing the jalousies and crawling in the window, and that he and Bruce Whitting removed jewelry items. The Stoner burglary occurred during the morning hours. Mario Herrara testified that a thief broke through the screen door of his screened-in patio, broke the glass in a window and entered the house through the window. A number of items were taken from the house. A detective testified that appellant confessed to the Herrara burglary and that he was accompanied by Bruce Whitting and another individual. The Her-rara burglary occurred at approximately 10:45 A.M. Both before and after the Williams[1] Rule witnesses testified, the tri *1041 al court instructed the jury that the purpose of the testimony was limited to the issue of intent.
The trial court denied appellant’s motion for judgment of acquittal and thereafter included an instruction in its charge to the jury that proof of entering of a structure stealthily and without the consent of the owner or occupant may justify a finding that the entering was with the intent to commit a crime. The jury returned a verdict of guilty of the crime of burglary of a dwelling.
Appellant contends that the trial court erred when it admitted the Williams Rule evidence because the collateral crimes did not have sufficient identifiable points of similarity with the crime charged to meet the Williams Rule threshold; the trial court erred when it instructed the jury that stealthy entry allows a presumption of intent to commit an offense upon entry; the trial court should have reduced the charge to trespass since the state failed to present any evidence of intent to commit an offense upon entry; and that the trial court improperly sentenced appellant to fifteen years incarceration followed by ten years of probation.
Section 90.404(2)(a), Florida Statutes (1985) codifies the Florida Supreme Court’s holding in Williams. Section 90.404(2)(a) provides:
(2) OTHER CRIMES, WRONGS, OR ACTS.—
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
The state contends that the collateral crimes in question are sufficiently similar to be admitted to demonstrate intent.
In Heuring v. State, 513 So.2d 122 (Fla. 1987), the Florida Supreme Court stated:
Similar fact evidence that the defendant committed a collateral offense is inherently prejudicial. Introduction of such evidence creates the risk that a conviction will be based on the defendant’s bad character or propensity to commit crimes, rather than on proof that he committed the charged offense. Keen v. State, 504 So.2d 396 (Fla.1987); Straight v. State, 397 So.2d 903 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). Such evidence is, therefore, inadmissible if solely relevant to bad character or propensity to commit the crime. Peek v. State, 488 So.2d 52 (Fla.1986); Coler v. State, 418 So.2d 238 (Fla.1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983); Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). To minimize the risk of a wrongful conviction, the similar fact evidence must meet a strict standard of relevance. The charged and collateral offenses must be not only strikingly similar, but they must also share some unique characteristic or combination of characteristics which sets them apart from other offenses.
[[Image here]]
In addition to the above requirements, the evidence must be relevant to a material fact in issue such as identity, intent, motive, opportunity, plan, knowledge, or absence of mistake or accident. See § 90.404(2)(a).
See also Edmond v. State, 521 So.2d 269, 270 (Fla. 2d DCA 1988) (“This requirement of striking similarity applies even when identity is not an issue.”) The collateral crimes in the present case fail to meet the standards enunciated in Heuring. Given the prejudicial nature of this evidence, we are unable to hold that its admission was harmless error.
Appellant also contends there was insufficient evidence presented for the trial court to give an instruction on stealthy entry. Section 810.07, Florida Statutes (1985) states:
In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and *1042 without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.
The victim stated that his condominium complex is surrounded by a fence. Guests must enter past a manned guardhouse and are announced before entering. Prior to this incident, the victim’s screened-in porch was completely enclosed and the screen door was locked. On the morning of the incident he heard a noise, looked out and saw appellant sitting in a beach chair on the patio. After the victim yelled, appellant exited through the screen. The screen door was still locked after appellant had left. The victim did not give appellant permission to enter the patio. We conclude that the trial court did not abuse its discretion in giving the instruction as there was sufficient circumstantial evidence of stealthy entry.
Accordingly, we reverse appellant's conviction and remand for a new trial. In view of this holding, we do not address appellant’s arguments regarding his sentencing.
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).